UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIAH LEON, § § *Plaintiff*, § § v. § § STANFIELD PRINTING CO., INC., § d/b/a SPC OFFICE SUPPLIES § § *Defendant*. § | CIVIL ACTION NO.: 3:23-cv-1577 JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Mariah Leon, now files this Original Complaint against Defendant Stanfield Printing Co., Inc. Plaintiff would respectfully show the Court the following:

**PARTIES**

1. Plaintiff, Mariah Leon (hereafter "Plaintiff"), is an individual whose residential domicile is located in Lubbock County, Texas. Plaintiff may be served through her attorney of record, Tej R. Paranjpe, of Paranjpe Mahadass Ruemke LLP, 3701 Kirby Drive, Suite 530, Houston, Texas 77098.

2. Defendant Stanfield Printing Co., Inc. (hereafter "Defendant" or "Stanfield"), doing business as SPC Office Supplies, is an Oklahoma corporation transacting business in Texas, with its headquarters and principal place of business located at 6118 Lakeview Drive., Guymon, OK 73942. Defendant may be served with process through its registered agent, Amanda Sundvahl, at 221 Denver Avenue, Dalhart, Texas 79002, or wherever it may be found.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because it is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or occurred.

## RESPONDEAT SUPERIOR

6. Defendant is legally responsible to the Plaintiff for the acts and omissions of their employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency, and/or ostensible agency. As a result thereof, the Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of their employees, agents, servants and representatives.

## MISNOMER AND ALTER EGO

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties were or are "alter egos" of parties named in this complaint. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

8. The "alter ego doctrine permits the imposition of liability upon the parent company for torts and contractual obligations of its subsidiary…" *Miles v. Am. Telephone & Telegraph Co.*, 703 F.2d 193, 195 (5th Cir. 1983). The theory "provides a vehicle for bringing a subsidiary within the reach of the Texas long-arm statute because a close relationship between a parent and its

subsidiary may justify a finding that the parent does business in a jurisdiction through the local activities of its subsidiaries, or vice versa." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Circ. 1983); *Walker v. Newgent,* 583 F.2d 163, 167 (5th Cir. 1978).

9. "Where a parent establishes a subsidiary… and dominates it…that the subsidiary is a mere conduit for the parent's business, the parent should not be able to shift the risk of loss." *United States v. Jon-T Chemicals, Inc.* 768 F.2d 686, 693 (5th Cir. 1985); *Nelson v. Int'l. Paint Co.* 734 F.2d 1084, 1093 (5th Cir. 1984); *Edwards Co. v. Monogram Indus.* 730 F.2d 977, 982 (5th Cir. 1984); *Miles v. Am. Tel. & Tel. Co.* 703 F.2d 193, 195 (5th Cir. 1983).

## **FACTS**

10. On or about April 10, 2023, Plaintiff was working as a truck driver and was engaged in transferring materials between two trucks in a parking lot located adjacent to Mayfield Paper at the intersection of SE Third Avenue and South Buchanan Street in Amarillo, Texas. The trucks were parked end to end to allow Plaintiff to transfer materials from one truck to another.

11. Defendant's driver, failing to keep a proper lookout and failing to exercise reasonable caution, started to back up the truck that Plaintiff was actively loading materials into. Defendant's truck suddenly pinned Plaintiff's right leg and foot, wedged in between the two trucks.

12. Mariah was able to pull her leg free, however, in the course of freeing herself from the dangerous truck wedge, Mariah subsequently fell from her 'standing' position onto the right side of her body. Consequently, Mariah has suffered permanent and severe injuries to, including but not limited to, her back, right shoulder, right hip, leg, ankle, and foot.

## CAUSES OF ACTION

### Negligence

13. Plaintiff hereby incorporates paragraphs 1 through 12 as if fully set forth herein.

14. At all times mentioned herein, Defendant had a duty to provide a safe environment for Plaintiff to conduct her day-to-day business with Defendant, which included transferring materials between Plaintiff's truck and Defendant's truck.

15. Defendant's driver breached that duty by failing to keep a proper lookout and failing to exercise a reasonable amount of caution when operating his truck.

16. Defendant's breach proximately caused Plaintiff's injuries. It is reasonably foreseeable that operating a truck in an unsafe manner could lead to injuries such as the ones that Plaintiff suffered.

17. The Defendant, acting through its agents, servants, and/or employees, who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question.

### Negligent Hiring, Training, Supervision, and Retention

18. Stanfield owed other drivers, such as Plaintiff, a legal duty to hire, supervise, train, or retain competent employees.

19. Stanfield breached that duty by failing to hire, train, supervise, and retain qualified employees. Stanfield also failed to train their employees on how to exercise reasonable caution when operating a truck. Stanfield failed to supervise their employees to ensure they were following safety procedures in place to prevent the injuries Plaintiff suffered.

20. Stanfield's breach of the above duty proximately caused Plaintiff's injuries because it is reasonably foreseeable that failing to hire, supervise, and train or retain competent employees

could lead to unsafe operation of Defendant's trucks and could therefore lead to injuries such as the ones that Plaintiff suffered.

## DAMAGES

21. As a result of the preceding causes of action, Plaintiff has been damaged in the following manner:

   a. Physical pain and suffering sustained in the past;

   b. Physical pain and suffering, that in reasonable probability, Plaintiff will sustain in the future;

   c. Loss of earning capacity sustained in the past;

   d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   e. Disfigurement sustained in the past;

   f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

   g. Disability and physical impairment sustained in the past;

   h. Disability and physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

   i. Medical, hospital, and pharmaceutical charges and expenses incurred in the past;

   j. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable probability, Plaintiff will sustain in the future; and

   k. Past, present, and future mental anguish.

22. Plaintiff has suffered damages from the Defendant's wrongful conduct described herein. Accordingly, Plaintiff is seeking damages over $1,000,000.00.

## JURY DEMAND

23. Plaintiff respectfully requests a trial by jury.

# **PRAYER**

24. For these reasons, Plaintiff asks the Court to issue a Summons for the Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

   a. Compensatory and actual damages in an amount deemed sufficient by the trier of fact;

   b. Costs of court;

   c. Incidental damages;

   d. Prejudgment and post-judgment interest at the maximum legal rate per annum until paid; and

   e. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

**Date:** July 14, 2023

Respectfully Submitted,

**Paranjpe Mahadass Ruemke LLP**

_____
Tej R. Paranjpe
State Bar Number:  24071829
3701 Kirby, Suite 530
Houston, Texas 77098
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

**Bush & Bush Law Group PC**

*/s/Charles Bush*_____
Charles Bush
State Bar Number: 24096028
3710 Rawlins Street, Suite 1420
Dallas, TX 75219
CBush@Bushlawgrp.com

*Counsel for Plaintiff*